**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Megan Uzzolino, | ) | Civil Action No. 9:22-1738-RMG |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew Corriveau; Corriveau Insurance | ) | **ORDER AND OPINION** |
| Agency, Inc.; State Farm Mutual | ) | |
| Automobile Insurance Company; State | ) | |
| Farm Fire and Casualty Company; State | ) | |
| Farm Life Insurance Company; State Farm | ) | |
| General Insurance Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court grant in part, deny in part Defendants' motions to dismiss. (Dkt. No. 34). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

### I.   Background

Megan Uzzolino ("Plaintiff") brings this action against Andrew Corriveau and Corriveau Insurance Agency, Inc. (collectively "CIA") and State Farm Mutual Automobile Insurance Company; State Farm Fire and Casualty Company; State Farm Life Insurance Company; and State Farm General Insurance Company (collectively "State Farm"). (Dkt. No. 1). Plaintiff brings two federal claims for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* against State Farm. Plaintiff brings several state law claims against Defendants CIA and State Farm for: negligence/gross negligence; negligent

1

hiring, retention, and supervision; assumption of duty; and constructive discharge in violation of public policy. Plaintiff brings claims against Corriveau for assault and battery, and outrage.[1]

Plaintiff alleges she was employed by State Farm and CIA. (Dkt. No. 1 ¶¶ 2-9). She alleges during the course of her employment she was subjected to unwanted, unwelcome, hostile, and perverted sexual conduct on the part of Defendant Corriveau that was ongoing, pervasive, and created a hostile work environment that forced Plaintiff to leave her employment. (*Id.* ¶¶ 18, 19). Plaintiff alleges she reported Defendant Corriveau's conduct to State Farm and CIA and they failed to take adequate action in response to Plaintiff's complaint. (*Id.* ¶ 23). On January 13, 2021, Plaintiff left her employment with Defendants. (*Id.* ¶ 9). Plaintiff alleges Defendant Corriveau required an explanation from her when she provided two-weeks' notice. (*Id.* ¶ 20). Plaintiff told him it was because he sexually harassed her. (*Id.*). Plaintiff alleges Corriveau became irate, shouted vulgarities, placed his hands on Plaintiff's shoulders, and would not allow her to finish her remaining time with Defendants. (*Id.*).

State Farm filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 14). CIA filed a motion to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 22). The motions are fully briefed. (Dkt. Nos. 24; 25; 32; 33). The Magistrate Judge issued an R & R recommending the Court grant in part and deny in part Defendants' motions to dismiss. (Dkt. No. 34). The parties did not file any objections to the R & R. The matter is ripe for the Court's adjudication.

## II.    **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v.*

---

[1] Plaintiff voluntarily dismissed her claim for constructive discharge in violation of public policy. (Dkt. No. 32 at 12).

*Weber*, 423 U.S. 261, 270–71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects.  Fed. R. Civ. P. 72(b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015).  *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

## III.  <u>Discussion</u>

### a)  **Plaintiff's Federal Claims**

Plaintiff brings Title VII claims for hostile work environment and retaliation against State Farm.  State Farm moves to dismiss the claims pursuant to 12(b)(1) on the ground it is not her employer and therefore, Plaintiff does not have standing to assert Title VII claims against it.   Upon a careful review of the pleadings and the parties' arguments, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's federal claims and correctly determined Plaintiff has standing to assert a Title VII claim against State Farm.  (Dkt. No. 34 at 7-12).  The Magistrate Judge applied the joint employer test articulated in *Butler v. Drive Auto. Indus. of Am.*, Inc., 793 F.3d 404, 410 (2015).  The complaint alleges State Farm was Plaintiff's employer.  (Dkt. No. 1 ¶ 9).  State Farm acknowledges this fact.  (Dkt. No. 14 at 13).  State Farm acknowledges the complaint contains allegations that "may support the sixth factor" in the *Butler* test which is "whether the putative employer provides the individual with formal or informal training." (Dkt.

Nos. 14 at 9; 1 ¶¶ 10, 12, 15); *see also Butler*, 793 F.3d at 410. Further, a Defendant's qualification as the "employer" of a Title VII plaintiff constitutes a "substantive 'element of [the] plaintiff's claim for relief, not a jurisdictional issue.'" *Harris v. Att'y Gen. of U.S.*, 657 F. Supp. 2d 1, 8 (D.D.C. 2009); *Murphy-Taylor v. Hofmann*, 968 F. Supp.2d 693, 724 (D. Md. 2013) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). State Farm's motion to dismiss the complaint pursuant to Rule 12(b)(1) is denied.

Alternatively, State Farm seeks to dismiss Plaintiff's Title VII retaliation claim pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. Only those discrimination claims stated in an administrative charge, those reasonably related to the original charge, and those developed by reasonable investigation of the original charge, may be maintained in a subsequent lawsuit. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). When a claim of retaliation could have been raised in the original EEOC charge, such a claim must be administratively exhausted, or it is procedurally barred. *McMillan v. S.C. Dep't of Corr.*, 16 F. Supp. 2d 635, 646 (D.S.C. 1997), *aff'd* 153 F.3d 721 (4th Cir. 1998). With respect to retaliatory acts that occur after the filing of the administrative charge, a plaintiff need not file an additional charge to allege that she was retaliated against for filing a charge with the EEOC. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). This exception does not apply when the plaintiff "had knowledge of the factual basis for her retaliation claim before she filed her charge with the EEOC." *Tonkin v. Shadow Mgmt., Inc.*, 605 F. App'x 194, 194 (4th Cir. 2015).

The Magistrate Judge ably determined that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII retaliation claim, and therefore, the claim is barred. (Dkt. No. 14 at 11-13). The Court may consider the charge on a 12(b)(6) motion to dismiss because it is an integral document that was explicitly relied upon in the complaint. *E.I. du Pont de Nemours*

4

*& Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Plaintiff filed a charge of discrimination against State Farm on September 21, 2021. (Dkt. No. 14-2 at 2-5). In her charge, Plaintiff stated the earliest date discrimination took place was November 26, 2018, and the latest date was January 23, 2021. (*Id.* at 2). Plaintiff does not indicate it was a "continuing action." (*Id.*). The charge references only sexual harassment and does not include factual allegations suggesting retaliation. Plaintiff submitted the charge months after her resignation from State Farm and she had the opportunity to raise a retaliation claim in the charge. The Court agrees with the finding of the Magistrate Judge that Plaintiff failed to exhaust her administrative remedies with respect to this claim. State Farm's 12(b)(6) motion to dismiss is granted as to Plaintiff's Title VII retaliation claim.

### b) Plaintiff's State Law Claims

State Farm and CIA move to dismiss Plaintiff's claims for negligence/gross negligence; negligent hiring, retention, and supervision; and assumption of duty on the ground that each claim is barred by the exclusivity provision of the South Carolina Worker's Compensation Act, S.C. Code Ann. § 42-1-540 ("the Act"). (Dkt. Nos. 14 at 13-16; 22 at 8-11). The Court finds the Magistrate Judge comprehensively analyzed this issue to correctly determine Plaintiff's negligence claims are barred. (Dkt. No. 34 at 18-24).

The Act's exclusivity provision states in relevant part:

> "[t]he rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death."

S.C. Code Ann. § 42-1-540. Based on this provision, South Carolina courts have held the Act provides the exclusive remedy against an employer for an employee who sustains injuries arising out of his employment. *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002). The

exclusivity provision is jurisdictional and bars all common law actions against an employer based on injuries within the scope of the Act. *Sabb,* 567 S.E.2d at 234 n.3. Both federal and state courts in South Carolina have held the Act preempts claims for negligence; negligent supervision, retention, and hiring. *Alexander v. S.C. Dep't of Transportation*, C/A No. 3:20-4480-TLW-SVH, 2021 WL 5167807, at * 9 (D.S.C. Aug. 23, 2021); *Lugo v. Boeing Co.*, No. 2:19-CV-2995-RMG, 2020 WL 495336, at * 4 (D.S.C. Jan. 30, 2020); *Sabb*, 567 S.E.2d at 234 (holding plaintiff's claims against employer for negligent supervision and retention of a co-employee were covered by the Act). Workplace harassment and intentional torts by co-employees may constitute personal injuries within the scope of the Act. *Dickert v. Metro. Life Ins. Co.*, 428 S.E.2d 700, 702 (S.C. 1993); *Loges v. Mack Trucks*, 417 S.E.2d 538, 539-41 (S.C. 1992).

The only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. *Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 n.2 (S.C. 2002).

As to CIA, Plaintiff argues the intentional act exception to the Act's exclusivity provision applies. Plaintiff argues the injury was not accidental but rather resulted from the intentional act of the employer or its alter ego. Plaintiff argues Corriveau was the owner and controller of CIA, and he is the "alter ego" of the company such that his conduct can be considered CIA's conduct. (Dkt. No. 32 at 11). The Court finds the Magistrate Judge correctly analyzed Plaintiff's argument to conclude that the claims asserted against CIA arise out of negligence not intentional torts, and federal courts in South Carolina have determined that a "claim of negligence cannot fall under this intentional act exception to the Act's exclusivity provision." *Ellis v. Harrelson Nissan of S.C.,*

*LLC*, C/A No. 0:15-3322-MBS-KDW, 2016 WL 1084292, at * 3 (D.S.C. Mar. 21, 2016). Plaintiff's negligence claims against CIA are not subject to the intentional act exception and are barred by the Act. However, Plaintiff should be granted leave to amend the complaint to include CIA in her claims for outrage, assault, and battery. (Dkt. Nos. 34 at 22, n. 8; 32 at 13). Defendant CIA's 12(b)(6) motion to dismiss is granted as to Plaintiff's negligence claims.

As to State Farm, Plaintiff argues her negligence claims are not barred by the Act because they fall into the intentional act exception. Plaintiff argues she has pled no allegations against State Farm other than deliberate or specific intent to injure Plaintiff. (Dkt. No. 24 at 16). Upon a review of the complaint, the Court finds the Magistrate Judge ably handled this issue to determine there is no support for this argument in the complaint, and the allegations related to State Farm do not support application of an exception to the Act's exclusivity provision. State Farm's 12(b)(6) motion to dismiss is granted as to Plaintiff's negligence claims.

## IV.  **Conclusion**

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 34).

State Farm's 12(b)(6) motion to dismiss is **GRANTED** as to Plaintiff's Title VII retaliation claim and Plaintiff's negligence claims. (Dkt. No. 14). State Farm's 12(b)(1) motion to dismiss is **DENIED**. (Dkt. No. 14).

CIA's 12(b)(6) motion to dismiss is **GRANTED** as to Plaintiff's negligence claims. (Dkt. No. 22).

The Court **DISMISSES** Plaintiff's second cause of action for Title VII retaliation; third cause of action for negligence/gross negligence; fourth cause of action for negligent hiring, retention, and supervision, fifth cause of action for assumption of duty, and sixth cause of action for constructive discharge in violation of public policy.

The Court **GRANTS** Plaintiff's request to amend the complaint to include CIA in her claims for outrage, assault, and battery. Plaintiff is directed to file an amended complaint within ten (10) days consistent with the Court's Order.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

January 18, 2023
Charleston, South Carolina